IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LAWRENCE BREEDLOVE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-08-1065-D |
| | ) | |
| DENNIS COSTNER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

This matter comes before the Court for review of Orders issued by United States Magistrate Judge Robert E. Bacharach on February 24 and February 25, 2009 [Docs. 45 and 46].[1] Defendants seek reconsideration under Fed. R. Civ. P. 72(a) of two rulings by Judge Bacharach: 1) the denial of Defendants' motion to stay discovery pending a determination of their pending dispositive motion; and 2) the granting of Plaintiff's motion for an extension of time to respond to the dispositive motion. Because these are pretrial matters that Judge Bacharach was authorized to decide, the Court's review is limited to determining whether Defendants have shown Judge Bacharach's decisions to be "clearly erroneous or contrary to law." *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

Briefly stated, Judge Bacharach found for reasons ably explained in his February 25 Order that Defendants failed to justify a stay of all discovery pending a determination of whether they are entitled to qualified immunity from suit. Judge Bacharach further found in his February 24 Order good cause for a 30-day extension of time for Plaintiff to respond to Defendant's dispositive motion.

---

[1] Defendants also complain of a similar order issued February 4, 2009, but their Objection is untimely as to that order. *See* LCvR72.1 (requiring an objection to be filed within 20 days after an order).

Defendants objected to the extension only insofar as Plaintiff sought additional time to conduct discovery; Defendants did not object to allowing Plaintiff additional time to prepare a response brief due to his health conditions and limited access to a law library. Defendants' position was that Plaintiff had failed to comply with the requirements of Fed. R. Civ. P. 56(f) to delay a dispositive ruling pending discovery. *See* Defs.' Br. Supp. Mot. Stay [Doc. 39] at 2-4; Defs.' Reply Br. [Doc. 43] at 3-5.

In their Objection, Defendants first challenge Judge Bacharach's conclusion, stated in the February 25 Order, that Plaintiff did not invoke Rule 56(f). Defendants assert that "Plaintiff effectively and unequivocally requested and received Rule 56(f) relief," although he did not cite the rule as authority for extending his deadline to respond to Defendants' dispositive motion. *See* Defs.' Objection [Doc. 50] at 1. Defendants further argue that Judge Bacharach essentially granted a Rule 56(f) continuance without compliance with requirements of the rule and appellate decisions applying it. *See Price v. Western Resources, Inc.*, 232 F.3d 779, 783 (10th Cir. 2000) (explaining requirements of Rule 56(f) affidavit); *Jones v. City of Denver*, 854 F.2d 1206, 1211 (10th Cir. 1988) (limiting district court's discretion to defer a summary judgment ruling on qualified immunity).

In addition, Defendants challenge Judge Bacharach's conclusion that they did not justify a stay of discovery. Defendants acknowledge that qualified immunity only protects them from suit in their individual capacities, not official capacities, but they argue that "the discovery propounded by Plaintiff is largely directed at the Defendants individually." *See* Defs.' Objection [Doc. 50] at 6. Defendants also argue that Plaintiff's discovery requests are overly broad, unduly burdensome, and beyond the scope of discovery necessary to respond to the pending dispositive motion. Finally, Defendants argue that Judge Bacharach failed to address their contention that no discovery is needed in light of other legal bars to recovery raised by their dispositive motion, such as Plaintiff's alleged

failure to exhaust administrative remedies and expiration of the statute of limitations. Defendants re-urge their position that discovery should be limited until these potentially dispositive issues are addressed.

Mindful of the deferential standard of review applicable to Judge Bacharach's decisions of nondipositive pretrial matters, the Court has carefully considered Defendants' Objection and finds that Defendants have failed to show any legal or factual error in Judge Bacharach's analysis or rulings. Plaintiff neither sought nor received relief under Rule 56(f). Judge Bacharach did not recommend that Defendants' dispositive motion be denied or decide that its disposition should be delayed for Plaintiff to conduct discovery. Plaintiff's response to the motion must be filed by March 24, 2009, and "failure to respond in a timely manner could result in confession of the dispositive motion." *See* Order 2/24/09 [Doc. 45] at 1.

Defendants also did not establish their entitlement to a stay of all discovery pending the disposition of their motion. While the qualified immunity defense serves to shield government agents from civil liability and burdens of litigation, a defendant's entitlement to the defense must be resolved according to applicable procedural rules. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (the defense is "an entitlement not to stand trial or face the other burdens of litigation, conditioned on the resolution of the essentially legal question whether the conduct of which the plaintiff complains violated clearly established law"). In this case, Defendants chose to file a combined motion for dismissal and for summary judgment. The former challenges the sufficiency of Plaintiff's allegations to state a claim for relief and, if meritorious, would entitle Defendants "to dismissal before the commencement of discovery." *See id.* The latter type of motion, however, challenges whether Plaintiff can adduce sufficient facts to support a viable claim; it would entitle Defendants to summary judgment "if discovery fails to uncover evidence sufficient to create a

3

genuine issue as to whether the defendant in fact committed [acts that violated clearly established law]." *Id*. By filing a motion for summary judgment, Defendants have invoked a procedure under which Plaintiff must be afforded an opportunity to demonstrate a genuine issue of fact. Thus, Defendants' claim of immunity from all discovery is foreclosed by the procedural posture of the case. *See Maxey v. Fulton*, 890 F.2d 279, 282 (10th Cir. 1989) (denial of defendant's motion to dismiss "foreclosed [his] claim of immunity from all discovery").

Defendants are correct, however, that qualified immunity is a shield from "'discovery which is either avoidable or overly broad.'" *See id.* (quoting *Lion Boulos v. Wilson*, 834 F.2d 504, 507 (5th Cir. 1987)). The Tenth Circuit has held that permissible discovery is limited when a defense of qualified immunity is asserted. *See id*. at 282-83. "[U]ntil the threshold immunity question is determined, discovery shall be limited to resolving that issue alone." *Lewis v. City of Ft. Collins*, 903 F.2d 752, 754 (10th Cir. 1990).

Judge Bacharach acknowledged these principles in the February 25 Order. *See* Order 2/23/09 [Doc. 46] at 2 ("qualified immunity may justify restrictions on discovery"). He correctly noted, however, that Defendants had failed to identify any particular discovery requests that they viewed as improper or unnecessary to a decision of their pending motion. In their current Objection, Defendants raise for the first time specific reasons why they believe Plaintiff's requests are objectionable.[2] From a review of the case record, this omission may be due to Plaintiff's failure to serve his requests in a proper manner. *See* Defs.' Resp. Pl.'s Mot. Compel [Doc. 52] (stating that counsel first learned of the requests when Plaintiff referred to them in a case filing). When so served with any interrogatories or document requests, however, Defendants may respond with timely and

---

[2] Notably, however, Defendants persist in making general objections based on form and numerosity rather than to the content of the requests. Thus, Defendants still have failed to demonstrate that Plaintiff's discovery is unnecessary to a decision of the issues raised by their pending motion.

specific objections, as required by Fed. R. Civ. P. 33 and 34, and may oppose any discovery requests that they believe exceed the bounds of permissible discovery. Faced with discovery issues that are properly framed for decision, Judge Bacharach can then decide in the first instance what limitations on discovery are appropriate to the issues presented by Defendants' motion for summary judgment.

IT IS THEREFORE ORDERED that Defendants' Objection to Order Denying Stay of Discovery [Doc. 50] is overruled. Judge Bacharach's Orders of February 24 and February 25 [Docs. 45, 46] are AFFIRMED. The case remains under referral to Judge Bacharach.

IT IS SO ORDERED this 17th day of March, 2009.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE