IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

LAWRENCE BREEDLOVE,           )
                              )
         Plaintiff,           )
                              )
v.                            )   Case No. CIV-08-1065-D
                              )
DENNIS COSTNER, *et al.*,     )
                              )
         Defendants.          )

**REPORT AND RECOMMENDATION
ON THE PLAINTIFF'S CLAIMS UNDER
THE AMERICANS WITH DISABILITIES ACT**

In identifying the jurisdictional foundations in the complaint, Mr. Lawrence Breedlove identified multiple statutes and rules.[1] Among the cited statutes was the Americans with Disabilities Act ("ADA").[2] Nonetheless, the title of the complaint referred only to 42 U.S.C. § 1983: "Civil Rights Complaint Pursuant to 42 U.S.C. §1983 'Individual/Official Capacity Action.'" Presumably relying on the title, the Defendants filed a dispositive motion that addressed only the Section 1983 claims. In his response, the Plaintiff presented arguments on his ADA claims, and the Defendants addressed them in the reply.

With this sequence of events, the Court must address:

- whether the ADA claims are part of the case and

- if they are, whether to address the Defendants' arguments in the reply brief on the ADA claims.

---

[1]   Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at p. 2 (Oct. 6, 2008).

[2]   Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at p. 2 (Oct. 6, 2008).

Although the Defendants' reading of the claims is understandable, it is overly narrow. In the complaint, Mr. Breedlove identified the ADA as a jurisdictional basis for his claims.[3] Of course, the ADA does not supply jurisdiction. Instead, the jurisdictional foundation is 28 U.S.C. § 1331, which confers federal-question jurisdiction. But the Plaintiff's reference to the ADA in the complaint reflects an apparent intention to invoke the statute as a source of liability.

The Court must liberally construe the complaint in light of Mr. Breedlove's *pro se* status.[4] At a minimum, the command for liberal construction entails a directive to the trial court to ascertain the pleader's intention.[5] As discussed above, the Plaintiff's reference to the ADA as a jurisdictional basis reflects an apparent intention to rely on the statute in some form.[6] Because the ADA does not supply jurisdiction, the Court should assume that Mr. Breedlove had confused the concepts of jurisdiction with the statutory basis for his causes of action.

---

[3] *See supra* p. 1.

[4] *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*).

[5] *See Sheridan v. United States*, 214 Fed. Appx. 857, 859 (10th Cir. Jan. 31, 2007) (unpublished op.) ("the district court should have construed [the plaintiff's] *pro se* complaint as he appears to have intended it" (citation omitted)).

[6] *See supra* p. 2.

The resulting task is to define the scope of the Plaintiff's ADA claim. In responding to the dispositive motion, Mr. Breedlove presents arguments based on Title II of the ADA.[7] These arguments should lead the Court to interpret the ADA claim as one under Title II.

The Court has a duty to screen the complaint for three separate reasons: (1) Mr. Breedlove is proceeding *in forma pauperis*;[8] (2) he is a prisoner who has sued government officials;[9] and (3) the suit involves "prison conditions."[10] For each reason, the Court must determine whether the cause of action under Title II of the ADA fails to state a claim on which relief can be granted.[11] Arguably the Court completed its preliminary screening function when it authorized service of process. However, Mr. Breedlove's pauper status requires the Court to continue its screening throughout the proceedings and to dismiss "any portion" of the action "at any time" if the cause of action fails to state a claim on which relief can be granted.[12]

---

[7] Plaintiffs [sic] Response to "Order" of Response, to Defense "Motion to Dismiss or Alternative Summary Judgment," and Plaintiffs [sic] Brief at p. 3 (Mar. 25, 2009).

[8] Order (Oct. 8, 2008); *see* Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2)(B).

[9] *See* Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at pp. 1-2½ (Oct. 6, 2008); Prison Litigation Reform Act, 28 U.S.C. § 1915A(b).

[10] *See* Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at p. 3 (Oct. 6, 2008); Prison Litigation Reform Act, 42 U.S.C. § 1997e(c)(1).

[11] *See* Prison Litigation Reform Act, 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1); Prison Litigation Reform Act, 42 U.S.C. § 1997e(c)(1).

[12] Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2)(B)(ii).

As part of its continuing duty to screen the complaint, the Court should *sua sponte* dismiss the cause of action under Title II of the ADA against all of the named defendants. This cause of action fails to state a claim on which relief can be granted.

Title II of the ADA provides:

> Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.[13]

In the complaint, Mr. Breedlove complained about his medical treatment for hypertension, diabetes, and hepatitis.[14] But Title II of the ADA does not provide a remedy for inadequate medical treatment.[15] Instead, a claim under this statute requires some form of discrimination in the availability of services, programs, and activities.[16]

---

[13] 42 U.S.C. § 12132.

[14] Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at p. 3 (Oct. 6, 2008).

[15] *See Fitzgerald v. Corrections Corporation of America*, 403 F.3d 1134, 1144 (10th Cir. 2005) (holding that the ADA did not provide a remedy because the plaintiff's alleged disability was the reason he was seeking treatment); *see also Rashad v. Doughty*, 4 Fed. Appx. 558, 560 (10th Cir. Jan. 29, 2001) (unpublished op.) ("the failure to provide medical treatment to a disabled prisoner . . . does not constitute an ADA violation" (citations omitted)); *Callahan v. Southwestern Medical Center of Lawton*, 178 Fed. Appx. 837, 839-40 (10th Cir. May 8, 2006) (unpublished op.) (stating that claims relating to medical treatment "are not cognizable under the ADA" (citation omitted)).

[16] "[C]ourts have differentiated ADA claims based on negligent medical care from those based on discriminatory medical care." *Kiman v. New Hampshire Department of Corrections*, 451 F.3d 274, 284 (1st Cir. 2006) (citations omitted). For example, the Tenth Circuit Court of Appeals has explained: "[The ADA and Rehabilitation Act] afford disabled persons legal rights regarding access to programs and activities enjoyed by all, not a general federal cause of action for challenging the medical treatment of their underlying disabilities." *Moore v. Prison Health Services, Inc.*, 201 F.3d 448, 1999 WL 1079848, Westlaw op. at 1 (10th Cir. Dec. 1, 1999) (unpublished op.) (citations omitted).

Mr. Breedlove has not alleged any facts that would suggest such discrimination. As a result, the Court should summarily dismiss the ADA cause of action for failure to state a claim on which relief can be granted.[17] However, the Court should allow Mr. Breedlove to seek leave to amend within twenty days if he believes he can cure the shortcomings in his ADA claim.

The parties can object to the present report and recommendation. Any such objection must be filed with the Clerk of this Court by December 28, 2009.[18] The failure to timely object would foreclose appellate review of the suggested ruling.[19]

The referral is not terminated.

Entered this 8th day of December, 2009.

_Robert E. Bacharach_
Robert E. Bacharach
United States Magistrate Judge

---

[17] *See supra* p. 3.

[18] *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a)(3)(a), 6(d), 72(b)(2).

[19] *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *cf. Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").