IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LAWRENCE BREEDLOVE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-08-1065-D |
| | ) | |
| DENNIS COSTNER,[1] *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION CONCERNING
THE CLAIMS AGAINST DENNIS COTNER**

The Court should dismiss without prejudice all claims against Mr. Cotner based on the failure to effect timely service.

Generally, service is required within 120 days of the filing of the complaint. *See* Fed. R. Civ. P. 4(m). In light of the need for screening, the Court began the 120-day period when service was authorized.[2] This period ended on February 9, 2009.[3] The Court *sua sponte* extended this deadline to November 23, 2009. *See* Order (Nov. 6, 2009). Even with more than nine extra months, Mr. Breedlove has not filed proof of service for Defendant Cotner.

---

[1] The defendant's actual name is Dennis Cotner.

[2] Order Requiring Service and Special Report at p. 2 ¶ 6 (Oct. 9, 2008); *see* Fed. R. Civ. P. 4(m) - advisory committee notes: 1993 Amendments ("The district court should . . . take care to protect pro se plaintiffs from consequences of confusion or delay attending the resolution of an in forma pauperis petition." (citation omitted)).

[3] The 120th day fell on February 7, 2009. Because this day was a Saturday, the due-date was automatically extended to the next business day: February 9, 2009. *See* Fed. R. Civ. P. 6(A)(3).

Notwithstanding the Plaintiff's apparent failure to effect timely service, the Court must consider whether the record reflects "good cause" for another extension of time. *See Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). Three factors are pertinent:

- the statute of limitations,
- service on the United States, and
- evasion of service.

*See id.* at 842. None of the factors supports a further extension of time for service.

First, the Court should consider whether the dismissal would result in a time-bar for a claim against Mr. Cotner. *See id.* This question should be answered in the negative. If the present claims against Mr. Cotner are considered timely, the state savings law would allow Mr. Breedlove to bring a new action against this defendant[4] within one year.[5] If the present claims against Mr. Cotner had been untimely, they would already be subject to dismissal.

---

[4] Mr. Breedlove has referred to three other suits against some of the same individuals named in the present action. *See* Plaintiffs Response to "Order" of Response, to Defense "Motion to Dismiss or Alternative Summary Judgment," and Plaintiffs Brief at p. 3 (Mar. 25, 2009). But Dennis Cotner was not included as a party in any of the three prior suits. *See* Civil Rights Complaint by a Prisoner Under 42 U.S.C. § 1983 at pp. 1, 3, *Breed'love v. Johnston*, Case No. CV-05-197-LRS (E.D. Wash. June 29, 2005) (attached as Exhibit 2 to Response to Defendants with Renewed Motion for Appointment of Counsel, Mar. 4, 2009); Civil Rights Complaint Under 42 U.S.C. § 1983 at pp. 1, 3, *Breed'love v. Johnston*, Case No. C-06-5044-FDB/KLS (W.D. Wash. Jan. 23, 2006); Petition at pp. 1, 2(A), *Breed'love v. Rayborn*, Case No. CJ-2007-5953 (Okla. Co. Dist. Ct. July 11, 2007); *see also* Order (Dec. 7, 2009) (taking judicial notice of two of the cited documents in connection with the issue of timeliness).

[5] *See* Okla. Stat. tit. 12 § 100; *see also Mott v. Carlson*, 786 P.2d 1247, 1248 (Okla. 1990) (stating that a suit dismissed for failure to serve a summons under state law may be refiled within one year under Okla. Stat. tit. 12 § 100); *cf. Grider v. USX Corp.*, 847 P.2d 779, 783 (Okla. 1993) (Okla. Stat. tit. 12 § 100 "applies to extend the limitations period regardless whether the dismissed suit was filed in state court or federal court sitting within the state of Oklahoma" (citation omitted)).

Thus, the proposed dismissal on service grounds would not result in a new time-bar for Mr. Breedlove.

Second, the Court should consider the complexity of service on the United States. *See id.* This factor is neutral because the lack of service does not involve the United States.

Third, courts may consider whether the defendant is avoiding service. *See Hendry v. Schneider*, 116 F.3d 446, 449 n.2 (10th Cir. 1997) ("Evasion of service has been held to constitute 'good cause.'"). This factor supports dismissal because no evidence exists regarding evasion of service by Defendant Cotner.

The Court has extended the Plaintiff's service deadline and warned of the failure to timely effect service. Over a year ago, the Court reminded Mr. Breedlove of the 120-day deadline and warned: "The failure to timely file proof of service could result in dismissal of the action." Order Requiring Service and Special Report at p. 2 ¶ 6 (Oct. 9, 2008). The Plaintiff failed to comply, and the Court *sua sponte* extended the service deadline to November 23, 2009. Order (Nov. 6, 2009); *see supra* p. 1. Again Mr. Breedlove was warned that the failure to effect timely service could result in dismissal. Order (Nov. 6, 2009) (citing Fed. R. Civ. P. 4(m)).

As the Plaintiff states, he has attempted to serve Mr. Cotner at his last known place of employment. Response to Courts' [sic] Order (Dec. 1, 2009). But the United States Marshals notified Mr. Breedlove over thirteen months ago that they were unable to serve Mr. Cotner at the Department of Corrections because he was retired and had not left a forwarding

address. Doc. 14. With the passage of more than thirteen months, Mr. Breedlove has not given any reason to believe that he would be able to serve Mr. Cotner with the benefit of additional time. In these circumstances, the Court should dismiss all claims against Mr. Cotner without prejudice to refiling.

The parties can object to the present report and recommendation. Any such objection must be filed with the Court Clerk by December 28, 2009. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a)(3), 6(a)(6)(A), 6(d), 72(b)(2). The failure to timely object would foreclose appellate review of the suggested ruling.[6]

The referral is not terminated.

Entered this 8th day of December, 2009.

*Robert E. Bacharach*
Robert E. Bacharach
United States Magistrate Judge

---

[6] *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *cf. Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").