IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LAWRENCE BREEDLOVE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-08-1065-D ) |
| DENNIS COSTNER, *et al.*, | ) ) |
| Defendants. | ) |

**O R D E R**

This matter comes before the Court for review of the Report and Recommendation on the Plaintiff's Claims Under the Americans with Disabilities Act [Doc. No. 99] issued by United States Magistrate Judge Robert E. Bacharach on December 8, 2009, pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Judge Bacharach recommends the dismissal of Plaintiff's action under the Americans with Disabilities Act (the "ADA") upon screening of the Complaint pursuant to the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2)(B) and § 1915A, and 42 U.S.C. § 1997e(c)(1). Plaintiff has filed a timely written objection [Doc. No. 110]. The Court must make a *de novo* determination of portions of the Report to which specific objection is made, and may accept, modify, or reject the recommended decision. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, seeks declaratory and injunctive relief and damages under 42 U.S.C. § 1983 on various claims concerning his confinement by the Oklahoma Department of Corrections ("DOC") at the Oklahoma State Penitentiary. As pertinent here, Plaintiff claims he has been denied proper medical treatment for his hypertension, diabetes, and hepatitis C. Plaintiff arguably asserts in his Complaint, and has argued in opposition to a dispositive motion filed by the defendants, that he was denied services in violation of Title II

of the ADA, 42 U.S.C. § 12132. In the Report, Judge Bacharach finds that the Complaint fails to state a claim for relief under the ADA because it lacks any factual allegations to suggest that Plaintiff suffered discrimination in the availability of services, programs, and activities because he is a qualified individual with a disability. In his objection, Plaintiff argues that a denial of prompt and adequate medical treatment is actionable under § 1983 and the ADA and that his allegations DOC medical staff violated the "services" provision of Title II states "a claim for discrimination in medical treatment." *See* Pl.'s Objection [Doc. No. 110] at 4 & n.1. Plaintiff contends his ADA claim as pled in the Complaint should be allowed to stand.[1]

The court of appeals has held that, although "prisons are 'public entitles' covered by Title II of the ADA . . . , the failure to provide medical treatment to a disabled prisoner, while perhaps raising Eighth Amendment concerns in certain circumstances, does not constitute an ADA violation." *Rashad v. Doughty*, 4 F. App'x 558, 560 (10th Cir. 2001).[2] Here, as in *Rashad*, the Complaint alleges inadequate treatment of certain health conditions but does not allege that prison officials discriminated against Plaintiff because he is disabled.[3] Also, the court of appeals has held that a claim alleging the receipt of substandard medical care is not actionable under the ADA. *See Fitzgerald v. Corrections Corp.*, 403 F.3d 1134, 1144 (10th Cir. 2005). Because Plaintiff simply complains about the quality of medical services he received, the Complaint fails to state a claim under the ADA.

---

[1] This contention is apparently made in objection to Judge Bacharach's recommendation that Plaintiff be given an opportunity to amend his Complaint to cure factual deficiencies in his pleading.

[2] Unpublished opinion cited pursuant to Fed. R. App. P. 32.1 and 10th Cir. R. 32.1(A).

[3] More fundamentally, the Complaint also fails to allege Plaintiff is a "qualified individual with a disability" within the meaning of the ADA. *See* 42 U.S.C. §§ 12102(2), 12131(2).

For the reasons stated by Judge Bacharach, any ADA claim asserted in the Complaint is subject to summary dismissal for failure to state a claim on which relief can be granted. Because it is clear that Plaintiff cannot cure the deficiencies in his pleading under the ADA, and because Plaintiff has stated his intention to stand on his Complaint, the Court finds that granting Plaintiff leave to amend his pleading to state an ADA claim is unnecessary. Therefore, the Court adopts the Report and Recommendation [Doc. No. 99], except leave to amend is not warranted under the circumstances.

IT IS THEREFORE ORDERED that Plaintiff's action under Title II of the ADA is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). Plaintiff's action under 42 U.S.C. § 1983 remains pending.

IT IS SO ORDERED this 22nd day of January, 2010.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE