IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LAWRENCE BREEDLOVE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-08-1065-D |
| | ) | |
| DENNIS COSTNER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

This matter comes before the Court for review of the Report and Recommendation Concerning the Claims Against Dennis Cotner [Doc. No. 100] issued by United States Magistrate Judge Robert E. Bacharach on December 8, 2009, pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Judge Bacharach recommends a dismissal without prejudice of Plaintiff's action against Defendant Dennis Costner for failure to effect timely service of process. Plaintiff has filed a timely written objection [Doc. No. 109]. The Court must make a *de novo* determination of portions of the Report to which specific objection is made, and may accept, modify, or reject the recommended decision. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, filed this action under 42 U.S.C. § 1983 concerning the conditions of his confinement by the Oklahoma Department of Corrections ("DOC") on October 6, 2008. No service of process has been made on Defendant Cotner, a retired DOC employee, because his current address is unknown to Plaintiff. Judge Bacharach finds no "good cause" under Fed. R. Civ. P. 4(m) that would require another extension of the time period for service, and finds insufficient reason to grant Plaintiff a permissive extension of time. Plaintiff objects on the grounds that his incarceration and indigent status prevent him from

personally locating and serving Mr. Cotner and he "has done what is required of him in the concerted effort to serve Dennis Cotner." *See* Pl.'s Objection [Doc. 109] at 2. Plaintiff argues that dismissal is not warranted but, instead, he "should be allowed to conduct limited discovery so that he can attempt to discover Mr. Cotner's current address." *Id*. at 4. Plaintiff does not object to the facts stated by Judge Bacharach concerning the procedural history of the case, and thus, the Court accepts these facts as true.[1]

Although the court of appeals has not conclusively defined "good cause" for purposes of Rule 4, the court "has interpreted the phrase narrowly, rejecting inadvertence or neglect as 'good cause' for untimely service." *Broitman v. Kirkland* (*In re Kirkland*), 86 F.3d 172, 174 (10th Cir. 1996); *see also Cox v. Sandia Corp.*, 941 F.2d 1124, 1125 (10th Cir. 1991) ("excuses such as inadvertence and reliance on a process server who fails to perform" are insufficient). "[T]he 'good cause' provision of Rule 4(j) [now Rule 4(m)] should be read narrowly to protect only those plaintiffs who have been meticulous in their efforts to comply with the Rule." *Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436, 1439 (10th Cir. 1994) (internal quotation omitted). In this case, Plaintiff has known for more then thirteen months that the United States Marshal's Service was unable to serve Mr. Cotner at his last known place of employment. Plaintiff apparently has made no effort to conduct discovery concerning Mr. Cotner's current address to date. Therefore, the Court finds no basis for a finding of "good cause" for Plaintiff's failure to effect service on Mr. Cotner.

The Court also concurs in Judge Bacharach's finding that a permissive extension of time is unwarranted under the circumstances. Upon consideration of the pertinent factors, discussed in the Report, the Court declines to exercise its discretion under Rule 4(m) to grant Plaintiff additional time

---

[1] The court of appeals has adopted a "firm waiver" rule that requires a timely and specific objection to preserve an issue for *de novo* review by the district court. *See United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996).

to locate and obtain service on Mr. Cotner. Therefore, the Report and Recommendation Concerning the Claims Against Dennis Cotner [Doc. No. 100] is adopted in its entirety.

IT IS THEREFORE ORDERED that Plaintiff's action against Defendant Dennis Cotner is dismissed without prejudice to refiling. Plaintiff's action against other defendants remains pending.

IT IS SO ORDERED this 22nd day of January, 2010.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE