IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LAWRENCE BREEDLOVE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-08-1065-D |
| | ) | |
| DENNIS COSTNER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

This matter comes before the Court for review of the Report and Recommendation on the Defendants' Dispositive Motion With Respect to the Section 1983 Claims [Doc. No. 98] and the Report and Recommendation Concerning the Plaintiff's Motion for Summary Judgment [Doc. No. 101] issued by United States Magistrate Judge Robert E. Bacharach on December 8, 2009, pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). In the first Report spanning 43 pages, Judge Bacharach undertakes a detailed analysis of Plaintiff's action under 42 U.S.C. § 1983 and, for various reasons, recommends the disposition of all claims. In the second Report, Judge Bacharach recommends that Plaintiff's dispositive motion be denied as moot. Plaintiff has filed a combined, timely objection to both Reports [Doc. No. 108]. The Court must make a *de novo* determination of portions of the Reports to which a specific objection is made, and may accept, modify, or reject the recommended decision. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, seeks declaratory and injunctive relief and damages under 42 U.S.C. § 1983 on numerous claims concerning his confinement by the Oklahoma Department of Corrections ("DOC") at the Oklahoma State Penitentiary. Seven individual defendants who were timely served with process have filed a joint

motion to dismiss or for summary judgment, asserting various reasons why Plaintiff's § 1983 claims fail as a matter of law.

After careful analysis of the record and the governing law, Judge Bacharach recommends the dismissal of the following claims: (1) all claims for damages against Defendants in their official capacities, which are barred by the Eleventh Amendment; and (2) a claim for declaratory and injunctive relief concerning the administration of Plaintiff's sentence (Count III of the Complaint), which cannot be brought under § 1983 but must be brought in an action for federal habeas relief.[1] Judge Bacharach recommends summary judgment FOR Defendants on the following claims: (1) Plaintiff's claims concerning various alleged actions taken against him in 2004 and 2005, which are time-barred by the applicable statute of limitations; (2) claims of retaliation for the exercise of First Amendment rights, a claim concerning an alleged destruction of his property in February, 2007, claims of denial of medical treatment for hepatitis C, hypertension, and diabetes (except glucose monitoring), due to Plaintiff's failure to exhaust available administrative remedies; and (3) a claim regarding denial of daily glucose monitoring, because Plaintiff lacks evidence of deliberate indifference to a serious medical need and has shown only a disagreement regarding proper treatment.[2] Judge Bacharach finds that summary judgment is not appropriate, based on the asserted defense of failure to exhaust administrative remedies, regarding claims concerning an alleged

---

[1] Plaintiff's Objection is silent concerning these recommended rulings. The Court finds Plaintiff has waived further review of these issues. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996).

[2] Plaintiff objects to the recommended ruling on his claim concerning glucose monitoring by stating only that he has been denied "the absolute right to have a diabetic meter in order to properly monitor [his] blood sugar (glucose) level." *See* Pl.'s Objection [Doc. 108] at 7. Because the Eighth Amendment confers no such right, this objection is overruled. *See*, *e.g.*, *Randall v. Board of County Comm'rs*, 184 F. App'x 723, 727 (10th Cir. 2006) (inmate's § 1983 claim regarding diabetic care failed because jail personnel followed doctor's instructions to monitor inmate's blood glucose level).

destruction of Plaintiff's property in July, 2007, and a disciplinary conviction in January, 2007.[3] Concerning these two claims, however, which are asserted against Defendants K. Harvoneck (deputy warden), M. Sirmons (warden), J. Jones (DOC director), and D. Morton (director's designee for grievance appeals), Judge Bacharach finds the claims are subject to dismissal because Plaintiff's factual allegations are insufficient to support supervisory liability.

Plaintiff objects to the recommended ruling based on the expiration of the statute of limitations, arguing that he was prevented from filing his lawsuit earlier due to Defendants' "refusing to answer his issues," confiscating his legal paperwork, and "meddling in his business." *See* Pl.'s Objection [Doc. 108] at 14-15. Liberally construed, Plaintiff seeks equitable tolling of the statute of limitations for claims accruing in 2004 and 2005.[4] "'[S]tate law governs the application of tolling in a [federal] civil rights action.'" *Young v. Davis*, 554 F.3d 1254, 1258 (10th Cir. 2009) (quoting *Alexander v. Oklahoma*, 382 F.3d 1206, 1217 (10th Cir.2004)). Oklahoma law generally permits the tolling of a statute of limitations in two circumstances, neither of which is implicated by Plaintiff's arguments. *See id*. In addition, the Tenth Circuit has acknowledged that "exceptional circumstances" may justify equitable tolling. *Id*. However, Plaintiff has not provided sufficient specificity concerning the alleged circumstances and his attempts to pursue his claims in a timely manner that would establish exceptional circumstances. *See id*. at 1258-59. Therefore, this objection is overruled.

Plaintiff objects to the recommended ruling based on his failure to exhaust administrative remedies by arguing generally that he has filed "numerous pages of paperwork . . . such as requests

---

[3] Defendants filed no timely objection to this recommended ruling and, thus, waived further review of this issue. *See supra* note 1.

[4] Plaintiff cites to the Oklahoma's savings statute, Okla. Stat. tit. 12, § 100, which has no apparent application in the context of his argument.

3

to staff and grievances against DOC and O.S.P. officials [that] went through the complete process." *See* Pl.'s Objection [Doc. 108] at 12. However, Plaintiff fails to address Judge Bacharach's findings of non-exhaustion. Specifically, regarding alleged retaliation for the exercise of First Amendment rights, Judge Bacharach finds that Plaintiff has provided no argument or evidence, as required by Fed. R. Civ. P. 56, to rebut Defendants' evidence that Plaintiff has failed to exhaust such a claim. Further, regarding the February, 2007, and April, 2008, incidents of alleged destruction of property, Judge Bacharach finds that Plaintiff filed a request to staff and a grievance but failed to complete the administrative process. Similarly, regarding medical issues, Judge Bacharach finds Plaintiff has failed to show he properly completed the medical grievance process on any relevant complaint other than the inability to possess a glucose meter. Because Plaintiff fails to make a specific objection to these findings, the Court finds that Plaintiff has waived further review of these issues. *See United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996) (the "firm waiver" rule requires a timely and specific objection to preserve an issue for *de novo* review; "an objection stating only 'I object' preserves no issue for review") (internal quotation omitted). To the extent Plaintiff's arguments regarding unanswered grievances could be regarded as an objection to Judge Bacharach's analysis of a futility argument, the Court concurs in Judge Bacharach's findings and overrules this objection.

Finally, Plaintiff objects to Judge Bacharach's finding that the Complaint fails to allege an "affirmative link" between the actions of Defendants Harvoneck, Sirmons, Jones, and Morton and the alleged destruction of Plaintiff's property in July, 2007, or his disciplinary conviction in January, 2007, that would support a claim of supervisory liability. Upon careful review of Plaintiff's Objection, the Court finds that the only responsive arguments on this issue concern Plaintiff's

4

January, 2007, discipline.[5]  Plaintiff argues that Defendant Harvoneck was acting warden when Plaintiff grieved the discipline imposed and that Defendant Morton, as Defendant Jones' designee, affirmed the decision.  Because Judge Bacharach has recommended a dismissal without prejudice to Plaintiff's right to request leave to amend, the Court liberally construes Plaintiff's argument as a request to amend his Complaint to add these additional factual allegations against these defendants.  So construed, the Court finds the amended pleading to be insufficient.

The Supreme Court recently addressed the degree of specificity needed to state a § 1983 claim against supervisory officials responsible for a detainee's confinement in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009).  Noting that the term "supervisory liability" is a misnomer and each government official "is only liable for his or her own misconduct," the Supreme Court rejected the proposition that a supervisor's alleged knowledge of a subordinate's discriminatory purpose is sufficient to state a constitutional claim that the supervisor engaged in purposeful discrimination.[6]  *Id*. at 1249.  Similarly, the Tenth Circuit has observed: "In § 1983 cases, defendants often include . . . a number of government actors sued in their individual capacities.  Therefore it is particularly important in such circumstances that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her . . . ."

---

[5]  Most of Plaintiff's arguments regarding this objection concern medical issues, other individuals, or other events, which are irrelevant to the issue presented and, therefore, disregarded.  *See* Pl.'s Objection [Doc. 108] at 4-10.  Plaintiff presents no argument concerning these defendants' involvement, if any, in the July, 2007, destruction of his property but references, instead, the February, 2007, incident for which he failed to exhaust administrative remedies.  *See id*. at 9.

[6]  The claims in that case were against federal officials and, therefore, were brought under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), rather than § 1983.  However, the same principles govern both claims: "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Iqbal*, 129 S.Ct. at 1948.

5

*Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008); *see also Smith v. United States*, 561 F.3d 1090, 1104 (10th Cir. 2009) ("To state an Eighth Amendment claim, [a plaintiff must] allege that each defendant official acted with deliberate indifference – that he or she both knew of and disregarded an excessive risk to inmate health or safety.") (footnote omitted).

Here, Plaintiff's constitutional claim regarding his discipline is simply that Defendants Harvoneck, Sirmons, Morton and Jones have allowed subordinates to "issue rule violations against plaintiff without due process." *See* Compl. [Doc. 1] at 3. As amended by the Objection, Plaintiff alleges involvement of Defendants Harvoneck and Morton in the disciplinary process limited to, respectively, answering a grievance and affirming the grievance decision, but Plaintiff alleges no personal involvement by Defendants Sirmons and Jones.[7] These allegations fail to identify any misconduct by these defendants or any entitlement to relief under § 1983 from them. Plaintiff does not state what, if any, due process violation occurred as a result of their actions or inactions regarding any grievance Plaintiff filed concerning his January, 2007, discipline.[8] *See Superintendent v. Hill*, 472 U.S. 445, 454-55 (1985) (describing due process requirements in prison disciplinary setting). Therefore, the Court finds that Plaintiff has failed to state a claim against Defendants Harvoneck, Sirmons, Morton and Jones arising from his January, 2007, discipline. Plaintiff's

---

[7] Plaintiff states in his Objection: "Mr. Harvoneck was acting warden when I grieved the sanction accessed [sic] against me for the bogus write up I received in January 2007, and see answer to grievance by Harvoneck date 6-4-08. Each of these were followed up by Plaintiff filing a continuation of each denial of grievance to Director Justin Jones, who only affirmed every grievance to Warden Marty Sirmons or Warden Workman." *See* Pl.'s Objection at 9-10 (footnotes omitted). In a footnote, Plaintiff explains the reference to Mr. Jones as follows: "The grievances after they reached DOC were actually answered by Debbie Morton, Designee for Director Jones." *Id.* at 10 n.8.

[8] Plaintiff does not cite where in the record Mr. Harvoneck's answer to the alleged grievance may be found, and the Court's review of the record has uncovered no answer with the alleged date of "6-4-08." *See supra* note 7. The Complaint references exhibits to a contemporaneously filed memorandum, but those exhibits contain no such grievance. Notably, Judge Bacharach observes that DOC's grievance policy did not permit a grievance to be used to challenge a disciplinary conviction.

objection to dismissal for failure to state a claim upon which relief can be granted against Defendants Harvoneck, Sirmons, Morton and Jones arising from a July, 2007, destruction of property and a January, 2007, disciplinary conviction is, therefore, overruled.

For these reasons, the Court adopts the Report and Recommendation on the Defendants' Dispositive Motion With Respect to the Section 1983 Claims [Doc. No. 98]. Accordingly, the Court also adopts the Report and Recommendation Concerning the Plaintiff's Motion for Summary Judgment [Doc. No. 101].

IT IS THEREFORE ORDERED that the Motion to Dismiss/Motion for Summary Judgment [Doc. No. 33] of the remaining defendants is GRANTED in part and DENIED in part as set forth herein.[9] Plaintiff's Motion for Summary Judgment [Doc. No. 61] is DENIED. Judgment shall be entered accordingly.

IT IS SO ORDERED this 2nd day of February, 2010.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[9] Defendant Dennis Cotner (incorrectly spelled in the Complaint) was previously dismissed for lack of service. *See* Order 1/22/10 [Doc. No. 112].